IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCIENCE FITNESS, LLC. | ) | CASE NO. 14-12297-SDB |
|     DEBTOR | ) | CHAPTER 7 |
| _____ | ) | |
| JOY R. WEBSTER, TRUSTEE | ) | ADVERSARY PROCEEDING |
| | ) | NO.: 16-01034-SDB |
|     PLAINTIFF | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     DEFENDANT. | ) | |

<u>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO ABSTAIN</u>

COME NOW Evans Fitness Club Express, LLC, Defendant ("Express") and files this Brief in Support of Motion to Abstain and shows as follows:

This Adversary Proceeding arises out of an alleged breach of an Asset Purchase Agreement entered by Order of the Court entered on September 21, 2016 authorizing the Trustee to sell the property of the Debtor's estate to Express. Said Order provides that the Trustee was allowed to sell the Debtor's assets to Express for Four Hundred Five Thousand Nine Hundred Dollars ($405,900.00). The closing on said sale took place on September 27, 2016.

On or about the same day the Plaintiff alleges that she was informed by the landlord, Evans Plaza Partners, LLC ("EPP") that Express was removing property from the EPP's premises that were not included in the Asset Purchase Agreement.

Plaintiff has filed this Adversary Proceeding requesting a Declaratory Judgement that "mirrors, lockers, television mounts, and other fixtures" are not included in the sale of the Debtor's property and a temporary restraining order restricting Express from moving any mirrors, lockers, television mounts and further undefined fixtures from the Debtors premises.

As Plaintiff has not established a valid and enforceable claim against Express the Court should Abstain from exercising jurisdiction in this case.

Abstention by a Bankruptcy Court is controlled by 28 U.S.C. Sec. 1334 (c). Express believes that Section 1334(c)(2) is applicable. Section 1334 (c) (2) provides:

> "**(c)(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section , the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

As filed, the Plaintiff's complaint alleges that this Court has "subject matter" jurisdiction pursuant to 28 U.S.C. 1334. She does not cite any other basis for its subject matter jurisdiction. Bankruptcy Courts have consistently ruled that the determination as to whether personal property which is annexed to real estate has lost its character as personal property is a matter of State law. In re: matter of <u>Michael R. Kennedy, Debtor; Michael R. Kennedy, Plaintiff vs. Lane Foods, Inc., and Mr. John Lane, Individually and as President of Lane Foods, Inc., Defendant vs. Gabby's Inc. and Kevin Jones, Third Party Defendants.</u> 192 B.R. 282; 1996 Bankr. As there is only a potential state law claim/cause of action pending and jurisdiction arises only pursuant to 28 U.S.C. 1334, Express believes the District Court must abstain from hearing this matter.

In the alternative Express alleges that at a minimum the Court should permissively abstain.

Permissive abstention is control by 28 U.S. C. 1334 (c)(1) which states as follows:

"**(c)(1)** Except with respect to a case under Chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11"

Pursuant to applicable case law, the bankruptcy courts in the Eleventh Circuit apply a multiple factor test when weighing the equities of abstention, including (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. Sec. 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. In re United Container, LLC, 284 B.R. 162, 176-177 (Bankr. S.D. FL) citations omitted.

**(1)** *The effect of abstention on the efficient administration of the bankruptcy estate*: Abstention will provide a more efficient administration of the estate. For all practical purpose there is no Debtor's estate to administer. The Trustee ask the Court to clarify whether the items being removed by the Defendant are fixtures which should not be removed or trade fixtures that can be removed. Either way the assets do not belong to the Debtor's estate. It is clearly a dispute between EPP and Express which can more efficiently be handled in state court without the involvement of the trustee and the necessity of additional costs of litigation to the estate.

   **(2)** *The extent to which state law issues predominate over bankruptcy issues*: The central issue in this matter is the existence of a potential the claim by EPP against Express. This claim arises solely out of state law.

**(3)** *The difficulty or unsettled nature of applicable law:* Defendants do not believe the law to be specifically difficult or unsettled. Notwithstanding, the establishment of a claim by EPP is fact intensive and the proper realm is that of the state court of Georgia.

**(4**) *The presence of a related proceeding commenced in state court or other non-bankruptcy court*: Defendant admits that there is no state court case currently pending that involves these issues.

**(5)** *The basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. Sec. 1334*: Jurisdiction is based on 28 U.S.C. Sec. 1334 only.

**(6)** *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*: The Adversary Proceeding is not related to the administration of the estate. Notwithstanding, the underlying issue, the existence of a potential claim of the EPP against Express is remote to the bankruptcy.

**(7)** *The substance rather than the form of all asserted "core" proceeding*: Trustee asserts that this is "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(a). As pointed out hereinabove this is dispute between EPP and Express and not the administration of the estate.

**(8)** *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court*: There can be no

judgment in a state court case that would need to be enforced in bankruptcy as the party litigants in the state court case would be EPP and Express.

(9) **The burden of the bankruptcy court's docket**: The Defendant recognizes the volume of the bankruptcy court in the Southern District of Georgia and would defer to the Court as to the burden on the Court's docket.

(10) **Likelihood that the commencement of the proceeding ill bankruptcy court involves forum shopping by one of the parties**: Express has no evidence of forum shopping. Notwithstanding, to the extent Trustee is attempting to establish a validity and enforceability of a unproven claim of the EPP through this Adversary proceeding would be improper.

(11) **The existence of a right to jury trial**: Express has a right to a jury trial as to the validity and enforceability of the claim asserted by EPP against Express.

(12) **The presence in the proceeding of non-debtor parties**: The Trustee is essentially taking a position forced upon her by threat of personal liability by a third party, ie EPP.

(13) **Comity**: Express does not believe that proceeding with this matter will negatively impact the respect and rights of the state court system in Georgia.

(14) **The possibility of prejudice to other parties in the action**:   Express holds no position on the possibility of prejudice to other parties other than Trustee being forced to litigate what is a dispute between a landlord and tenant that would cause a diminution in value of Debtor's estate, to cover additional litigation cost.

Express respectfully request that this Court abstain from hearing the above styled Adversary.

Respectfully submitted this the 30th day of September, 2016.

                                               s/John P. Claeys
                                               JOHN P. CLAEYS
                                               Attorney for Defendant
                                               Georgia Bar No.:126325

CLAEYS, MCELROY-MAGRUDER & KITCHENS
512 TELFAIR STREET
AUGUSTA, GEORGIA 30901
Phone: 706-722-8952
Fax: 706-724-3363

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCIENCE FITNESS, LLC. | ) | CASE NO. 14-12297-SDB |
|     DEBTOR | ) | CHAPTER 7 |
| _____ | ) | |
| JOY R. WEBSTER, TRUSTEE | ) | ADVERSARY PROCEEDING |
| | ) | NO.: 16-01034-SDB |
|     PLAINTIFF | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     DEFENDANT. | ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO ABSTAIN, upon: Robert M. Matson, Attorney for Trustee, Akin, Webster & Matson, P.C. Post Office Box 1773, Macon, Georgia 31202 and Aimee Pickett Sanders, Hull Barrett, P.C. Post Office Box 1564, Augusta, Georgia 30903 by email, electronic service, and/or placing a copy of the same in the United States Mail with adequate postage affixed thereto.

This the 30th day of September, 2016.

                                                      s/John P. Claeys
                                                      JOHN P. CLAEYS
                                                      Attorney for Defendant
                                                      Georgia Bar No.:126325

CLAEYS, MCELROY-MAGRUDER & KITCHENS
512 TELFAIR STREET
AUGUSTA, GEORGIA 30901
(706) 724-6000