UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
| DEBTOR | ) | CHAPTER 7 |
| | ) | |
| JOY R. WEBSTER, TRUSTEE | ) | |
| | ) | |
| PLAINTIFF/COUNTERDEFENDANT | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1034 SDB |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
| DEFENDANT/COUNTERPLAINTIFF | ) | |

## STATEMENT OF MATERIAL FACTS

Joy R. Webster, Trustee ("Trustee"), is the Plaintiff in the above referenced adversary proceeding. The Trustee files her Statement of Material Facts pursuant to LR 56.1 and shows the Court the following.

The Debtor filed a chapter 11 bankruptcy in this Court on December 8, 2014 ("Petition Date"). The case was converted to a chapter 7 bankruptcy on May 2, 2016. Joy R. Webster, Trustee ("Trustee") is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d). (Doc. 276 in Bankruptcy Case). On August 9, 2016, the Trustee filed a Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances. Exhibit T-1 (Doc. 281). In the motion to sell, the Trustee proposed to sell substantially all of the Debtor's assets including all accounts, contract rights, membership agreements, personal training contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used

or consumed in the Debtor's business ("Property") by private sale free and clear of liens and encumbrances to GG Evans, LLC ("Buyer") for the sum of $312,000.00.  Exhibit T-1, P. 2.  On August 18, 2016, the Trustee filed an Amended Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances.  Exhibit T-2 (Doc. 287 in Bankruptcy Case).  The amended motion to sell included an equipment list to clarify what equipment the Trustee proposed to sell to the Buyer.

On September 8, 2016, the Court heard the amended motion to sell.  The Court denied the motion but allowed the Trustee to request bidding procedures on the amended motion to sell.  (Docs. 303 and 305 in Bankruptcy Case).  On September 9, 2016, the Court entered an Order on Motion to Approve Bidding Procedures with a final hearing on the motion to sell to be held on September 20, 2016.  (Doc. 306 in Bankruptcy Case).  On September 9, 2016, the Court also entered an order allowing the Trustee to operate the Debtor's business until September 30, 2016 and an order extending the deadline for the Trustee to assume or reject the lease with Evans Plaza Partners, LLC ("Landlord").  (Docs. 307 and 308 in Bankruptcy Case).

On September 20, 2016, the Court held the final hearing on the motion to sell.  (Doc. 322 in Bankruptcy Case).  On September 21, 2016, the Court entered an order granting the Trustee's motion to sell property free and clear of liens and encumbrances.  (Doc. 324 in Bankruptcy Case).  The order provides that the Trustee was allowed to sell the Property to the Defendant ("Express") for $405,900.00.  Exhibit T-3 (Doc. 324 in Bankruptcy Case).

On September 22, 2016, the Trustee received $405,900.00 from Express via wire transfer.  Exhibit T-4 (Trustee's affidavit).  On the same day, the Trustee executed a

limited bill of sale transferring the accounts receivable with ABC Financial and ClubReady to Express to ensure a smooth transition to the Debtor's customers to Express. Exhibit T-5 (Limited Bill of Sale). On September 27, 2016, the Trustee and Express executed the Asset Purchase Agreement. Exhibit T-4 (Trustee's affidavit) and Exhibit T-6 (Asset Purchase Agreement). Section 2.1 a. of the asset purchase agreement defines the assets being acquired by Express to include all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. Exhibit T-6, p.2. An equipment list attached to the APA is also incorporated into the APA. On September 28, 2016, the Trustee executed a bill of sale transferring the remaining assets to Express. Exhibit T-7. (Bill of Sale).

Express began removing the remaining assets from the Landlord's premises on September 27, 2016. On the same day, the Landlord informed the Trustee that Express was removing mirrors that were glued to the walls of the premises and lockers that were drilled into the walls. Exhibit T-4 (Trustee's affidavit). Later that day, the Trustee notified the attorney for Express that mirrors and lockers were not included in the sale as per the asset purchase agreement, and their removal was not authorized. Exhibit T-4 (Trustee's affidavit). On September 28, 2016, the Landlord notified the Trustee that Express continued to remove mirrors from the premises and contemplated the removal of lockers that were affixed to the walls. Exhibit T-4 (Trustee's affidavit). On the same day, the Trustee notified Express that the mirrors, lockers, fixtures and television mounts were

not included in the sale and should not be removed from the Landlord's premises. Exhibit T-4 (Trustee's affidavit).

On September 29, 2016, the Trustee filed Adversary Proceeding No. 16-1034 seeking a declaratory judgment that the mirrors, lockers, television mounts and other fixtures were not included in the sale and that they should be returned or replaced to the Landlord's satisfaction. The Trustee also sought a temporary restraining order to stop Express from removing the disputed items for fourteen days.

This **8th** day of **May, 2017.**

|  |  |
|---|---|
| Akin, Webster & Matson, P.C.<br>P.O. Box 1773<br>Macon, GA 31202<br>(478) 742-1889<br>rmatson@akin-webster.com | /s/ Robert M. Matson<br>Robert M. Matson<br>Attorney for Trustee<br>State Bar No. 477102 |