UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| JOY R. WEBSTER, TRUSTEE | ) | |
| | ) | |
|     PLAINTIFF/COUNTERDEFENDANT | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1034 SDB |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     DEFENDANT/COUNTERPLAINTIFF | ) | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Joy R. Webster, Trustee ("Trustee") Plaintiff in the above referenced adversary proceeding, files this brief in support of her motion for summary judgment and shows the Court the following.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed.R.Bankr.P. 56(c); *In re Moskowitz*, 2011 Bankr. Lexis 4800, 6 (Bankr. N.D. Ga. 2011); *citing*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2592 L.Ed. 2d 265 (1986).

**The clear and unambiguous language of the asset purchase agreement does not include the disputed items.**

The asset purchase agreement ("APA") delineates the rights of the Trustee and the Defendant ("Express") with respect to the transaction.  Exhibit T-6 (Asset Purchase Agreement).  More specifically, the APA determines what Express purchased from the

Trustee, what wasn't purchased and what law should apply in any dispute related to the APA.

Section 11.3 of the APA provides that the APA shall be governed and construed in accordance with Georgia law. Exhibit T-6, p. 9. The cardinal rule of construction is to ascertain the intent of the parties. OCGA § 13-2-3. In Georgia, contract construction is a three step process. *Wilkie v. 36747, LLC,* 294 Ga. App.179, 181 (Ga. App. 2008). First, the Court must decide if the language is clear and unambiguous, and if it is, the Court simply enforces the contract. *Id*. Next, if the contract is ambiguous in some respect, the Court must apply the rules of contract construction to resolve the ambiguity. *Id*. Finally, if the ambiguity cannot be resolved, a jury must decide what the parties intended and what the ambiguous language means. *Id.*

The language of the APA clearly and unambiguously does not include lockers, mirrors, television mounts, sauna equipment and mats not expressly included in Exhibit A of the APA ("Disputed Items"). Section 2.1 a. of the APA defines Acquired Assets. Exhibit T-6, p.2. Acquired Assets in the APA include: All accounts, contract rights, membership agreements, personal training contracts, contracts, and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. Exhibit T-6, p.2. An equipment list attached to the APA is also incorporated into the APA. The Disputed Items are not listed in section 2.1 a. or the equipment list attached and incorporated into to the APA. Section 2.2 a. defines Excluded Assets as any assets of the Debtor not defined as Acquired Assets. The Disputed Items are not defined as

Acquired Assets, so by the clear and unambiguous language of the APA, the Disputed Items are Excluded Assets that were not acquired by Express. *See, Wilkie*, 294 Ga. App. 181-183 (Salesperson's software contract that was not specifically included in an asset purchase agreement was not transferred to the buyer). Like *Wilkie*, the APA also contains a merger clause at section 11.5 of the APA indicating the agreement supersedes any prior understanding or agreements with respect to the subject matter. *Id*. at 193. It should also be noted that the limited bill of sale also did not include the Disputed Items, so Express cannot rely on the bills of sale to argue that the Disputed Items were acquired from the Trustee. Exhibit T-7.

## CONCLUSION

The Trustee requests a declaratory judgment that Express did not purchase the Disputed Items from the Trustee. The Trustee also reserves the right to request indemnification from Express pursuant to section 8.5 of the APA for all legal fees and expenses related to this adversary proceeding and Adversary Proceeding No. 16-1035 along with any damages that may be assessed against the Trustee in Adversary Proceeding No. 16-1035.

This **8th** day of **May, 2017.**

|  |  |
|---|---|
|  | /s/ Robert M. Matson |
| Akin, Webster & Matson, P.C. | Robert M. Matson |
| P.O. Box 1773 | Attorney for Plaintiff |
| Macon, GA 31202 | State Bar No. 477102 |
| (478) 742-1889 |  |
| rmatson@akin-webster.com |  |