**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:35 am, Sep 28, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br><br>SCIENCE FITNESS, LLC,<br><br>    Debtor<br><br>―――――――――――――――――――<br><br>JOY R. WEBSTER, TRUSTEE,<br><br>    Plaintiff/Counter Defendant<br><br>vs.<br><br>EVANS FITNESS CLUB EXPRESS, LLC,<br><br>    Defendant/Counter Plaintiff | Chapter 7 Case<br>Number <u>14-12297</u><br><br><br><br><br><br><br><br>Adversary Proceeding<br>Number <u>16-01034</u> |

## OPINION AND ORDER

This order addresses the Motion for Summary Judgment filed by Joy R. Webster, the chapter 7 trustee ("Trustee") seeking a determination that the language of the asset purchase agreement ("APA") entered between the Trustee and Evans Fitness Club Express, LLC ("Express") is unambiguous and did not include the sale of lockers, mirrors, television mounts, sauna equipment, mats or other

fixtures ("Disputed Items")[1] not expressly listed on Exhibit "A" ("Equipment List") of the APA. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N) and (O) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, the Trustee's motion for summary judgment is denied.

## UNDISPUTED FACTS

As part of the chapter 7 bankruptcy proceedings, the Trustee sought to sell substantially all of Science Fitness, LLC's ("Debtor's") interest in the following assets including "[a]ll accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business" ("Property") to Express for $405,900.00.[2] Dckt. No. 44,

---

[1] Express lists the items in dispute as: hot water heaters; lockers; mirrors; television mounts; sauna equipment; and mats (not specifically listed in Ex. "A" to APA). See Dckt. No. 26. The landlord, Evans Plaza Partners, LLC, lists disputed items as: lockers; mirrors; T.V. stands; mats (Type I and II); 2 motors that power the steam rooms located in utility closet of men's restroom; 2 engines located in the saunas (located in men's and women's locker room); saunas; a water fountain in men's restroom; 2 refrigerators; a cooler; 2 sinks; and a dishwasher. See Dckt. No. 27. In this order, these items are collectively referred to as "Disputed Items."

[2] Initially, the Trustee sought to sell the Property to GG Evans, LLC for $312,000.00. Dckt. No. 44, Ex. T-1, p. 2. Express

2

Ex. T-3. The Trustee filed an Amended Motion to clarify what she was proposing to sell by attaching a list of the equipment. Dckt. No. 44, Ex. T-2. This amendment was "intended to supplement and not replace" the original motion to sell. Id.

In connection with the closing, the Trustee and Express executed the APA. Dckt. No. 44, Ex. T-4 and Ex. T-6. Section 2.1(a) of the APA defines "Acquired Assets" as Debtor's right, title, and interest in the following:

> all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. A copy of the equipment list is attached and incorporated into this Agreement.

Dckt. No. 44, Ex. T-6, p.2. "Excluded Assets" not included in the sale are defined as:

> (a) Any asset of the Debtor not defined in Acquired Assets; (b) Corporate record book and corporate seal; (c) Securities; (d) Any claim, right or cause of action of the Debtor or the Trustee that can be brought against third parties pursuant to the Bankruptcy Code; (e)

---

objected to the sale stating it would pay more. The Court denied the Trustee's initial motion, but allowed the Trustee to establish competitive bidding procedures. Ultimately, Express was the successful bidder.

3

AO 72A
(Rev. 8/82)

> Any claim right or cause of action of the Debtor or the Trustee that can be asserted by the Trustee that is related to the Bankruptcy Case; (f) All of the Debtor's tax attributes and all tax refunds to which the Debtor may be entitled with respect to any period of the Debtor's operations through the Closing Date; and (g) Debtor in Possession bank accounts.

Id. Exhibit "A" to the APA entitled "Equipment List 2016" lists various exercise equipment such as treadmills, elipticals, weights, bikes, and it also includes some furniture under subheadings "office," "conference room," "kids klub," and "lobby area" including desks, tables, chairs, cabinets, computers printers, refrigerator, and microwaves. Dckt. No. 44, Ex. T-6, Ex. A.

In connection with the sale, the Trustee, as seller, executed a bill of sale which states in pertinent part:

> The Seller has transferred, exchanged, and conveyed, and does by this present transfer and convey to Purchaser the following assets of Seller:
>
> all accounts, contract rights, membership agreements, personal training contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. A copy of the equipment list is attached as Exhibit "A" and is incorporated into this Final Closing Statement.

Dckt. No. 44, Ex. T-7.

4

After the sale, Express began removing assets from the premises. The landlord, Evans Plaza Partners LLC ("Landlord") immediately informed the Trustee that Express was improperly removing fixtures from the premises -- mirrors glued to the walls and lockers that were drilled into the walls. Dckt. No. 44, Ex. T-4. In response, the Trustee notified the attorney for Express that the mirrors and lockers were not included in the sale and their removal was not authorized by the APA. Id.

Thereafter, the Landlord again notified the Trustee that Express continued to improperly remove mirrors from the premises and that Express contemplated the removal of lockers that were affixed to the walls. Id. The Trustee again notified Express that the mirrors, lockers, fixtures and television mounts were not included in the assets being conveyed under the terms of the APA and should not be removed from the premises. Id.

The Trustee filed this adversary proceeding seeking a declaratory judgment that the Disputed Items were not included in the sale and should be returned or replaced to the Landlord's satisfaction. In response to the Trustee's summary judgment motion, Express attached the affidavit of Mike Montarbo ("Montarbo"), the business manager of Express. Dckt. No. 77. Montarbo avers he thought the Trustee's offer included the Disputed Items; and the

5

value of these items was included in Express's bid price. Id. He also states other items such as couches, chairs, benches, a pool table, and massaging chairs are not on the Equipment List and Express removed them without objection. Id.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

6

248 (1986); First Nat'l Bank of Arizona v. Cities Servs. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted).

In this case, the issue is whether the language of the APA and Exhibit "A" unambiguously exclude the Disputed Items from the definition of Acquired Assets. Pursuant to the APA, "Acquired Assets" include Debtor's interest in "all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. A copy of the equipment list is attached and incorporated into this Agreement." Dckt. No. 44, Ex. T-6, p.2. "Excluded Assets" include any "asset of Debtor" not defined as an Acquired Asset. Id.

Under section 11.3 of the APA, the parties have agreed the APA is governed and construed under Georgia law. Dckt. No. 44, Ex.

T-6, p. 9. Under Georgia law,

> [t]he construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.

Marvel Enters., Inc. v. World Wrestling Fed'n. Entm't, Inc., 610 S.E.2d. 583, 588 (Ga. Ct. App. 2005) (quoting Schwartz v. Harris Waste Mgmt. Grp., 516 S.E.2d 371 (Ga. Ct. App. 1999)).

"The existence or nonexistence of an ambiguity is a question of law for the court." Marvel Enter., Inc., 610 S.E.2d. at 588 (citing Southeast Atlantic Cargo Operators v. First State Ins. Co., 398 S.E.2d 264 (Ga. Ct. App. 1990). Ambiguity exists if the language is capable of more than one reasonable interpretation. Caswell v. Anderson, 527 S.E.2d 582, 584 (Ga. Ct. App. 2000). In determining whether an ambiguity exists "words in the policy must be given their usual and common signification and ordinary meaning." Sun Am. Bank v. Fairfield Fin. Servs., Inc., 690 F. Supp.2d 1342, 1359 (M.D. Ga. 2010) (quoting Greater Ga. Life Ins. Co. v. Eason,

665 S.E.2d 725, 728 (Ga. Ct. App. 2008)).

The Trustee argues the language of the APA unambiguously provides the exclusive definition of "Acquired Assets" and the Disputed Items are not included in the definition of Acquired Assets and are not listed on Exhibit "A" and therefore they were not included in Property conveyed to Express.  Contrarily, Express contends the Trustee's construction of the APA language is too narrow.  Express argues under the APA terms it was purchasing more than the "equipment" listed on Exhibit "A", as the APA also includes the conveyance of "furniture", "furnishings" and "materials used in Debtor's business." Express argues each delineation is a separate and distinct category – "furniture", "furnishings", and "equipment."

Because the APA involves the sale of goods Georgia's Uniform Commercial Code applies. Crider, Inc. v. Keystone Foods LLC, 2011 WL 4929754 (S.D. Ga. Oct. 17, 2011)(citing Heart of Tex. Dodge, Inc. v. Star Coach, LLC, 567 S.E.2d 61 (Ga. Ct. App. 2002)) compare Barrett v. Britt, 736 S.E.2d 148, 152 (Ga. Ct. App. 2012)(trial court erred in applying the U.C.C. definition of "equipment" when analyzing a contract involving real estate); see O.C.G.A. §11-1-201(a)(clarifying that definitions set forth throughout the commercial code applying whenever a defined term is used unless the context indicates otherwise).

9

Georgia's Uniform Commercial Code defines "equipment" as "[g]oods other than inventory, farm products, or consumer goods." O.C.G.A. §11-9-102(34). "Goods" are defined as "[a]ll things that are movable when a security interest attaches. The term includes (i) fixtures . . . ." O.C.G.A. §11-9-102(45). "Fixtures" are defined as "goods that have become so related to particular real property that an interest in them arises under real property law." O.C.G.A. §11-9-102(42). Black's Law Dictionary defines "equipment" as:

> The articles or implements used for a specific purpose or activity (esp. a business operation). Under the UCC, equipment includes goods if (1) the goods are used in or bought for a business enterprise (including farming or a profession) or by a debtor that is a nonprofit organization or a governmental subdivision or agency, and (2) the goods are not inventory, farm products, or consumer goods. UCC §9-102(a)(33).

*Equipment Definition*, Black's Law Dictionary (10th ed. 2014).

After considering the matter, the Court disagrees with the Trustee's argument that the Disputed Items were unambiguously excluded from the assets to be conveyed to Express. Because the terms "furniture", "furnishings" and "materials used or consumed in Debtor's business" are listed as separate and distinct categories from "equipment" it is reasonable that the terms have separate and distinct meanings. Also, the APA language does not provide that all

10

the acquired personalty is exclusively listed on Exhibit "A." In fact, Montarbo avers items not listed on Exhibit "A" were removed by Express as part of the sale without objection from the Trustee or Landlord. See Dckt. No. 77, Montarbo Aff. ("[T]here were couches, oversized leather chairs, benches to sit on in front of the lockers and in the men's locker room a pool table [sic]. In the women's locker room there were massaging chairs. These items were not on the equipment list but were removed without objection."). More importantly, the Trustee was only selling the Debtor's interest in these items. It is unclear at this stage whether Debtor had an interest in the Disputed Items.

At the summary judgment stage where all reasonable doubts and inferences resolved in Express's favor, it is unclear whether the Debtor had an ownership interest in these items. It also is reasonable that some of the Disputed Items were included in "furnishings" and/or "materials used or consumed in Debtor's business." See Marvel Enter., Inc., 610 S.E.2d. at 588 ("if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity"); O.C.G.A. §13-2-2(setting forth rules of construction). When a contract's terms are susceptible to more than one meaning the ambiguity is construed against the drafter. See O.C.G.A. §13-2-2 (5); Envision

11

Printing, LLC v. Evans, 786 S.E.2d 250, 253 (Ga. Ct. App. 2016)(ambiguity in a contract is construed against the preparer and in favor of non-preparer) (quoting Hertz Equip. Rental Corp. v. Evans, 397 S.E.2d 692 (Ga. 1990)); DJ Mortg., LLC. V. Synovus Bank, 750 S.E.2d 797, 805 (Ga. Ct. App. 2013)(ambiguities are generally construed against the drafter of the contract).

Furthermore, under Georgia law, a court must interpret a contract in a way that gives meaning to each and every phrase and avoids rendering any part superfluous. Kin Chun Chung v. JPMorgan Chase Bank, N.A., 975 F. Supp.2d 1333, 1344 (N.D. Ga. 2013)("under Georgia law, contracts should be interpreted so as to not render any part superfluous") (citing Harris Cty. v. Penton, 439 S.E.2d 729 (Ga. Ct. App. 1993). Here, applying the rules of construction, the drafter is the Trustee and the Court must give meaning to each of the words such as "furniture," "furnishings" and "other materials used or consumed in the Debtor's business." It is reasonable that some of the Disputed Items could fit into one of these categories and are not included in the word "equipment."

More importantly, the Property conveyed only included "Debtor's right, title, and interest in the assets." At this point in the proceedings, it is unclear whether Debtor had an interest in the Disputed Items at the time of the sale or whether the items

12

AO 72A
(Rev. 8/82)

belonged to the Landlord.

For these reasons, the Trustee's Motion for Summary Judgment is ORDERED DENIED.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this **28th** Day of September 2017.

13